UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CINDY ELAINE WASHINGTON,**

        **Plaintiff,**

v.                                         Case No: 6:25-cv-563-CEM-DCI

**LUIS R-B, et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2)
>
> **FILED:** March 31, 2025
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

Cindy Elaine Washington (Plaintiff), proceeding *pro se*, filed a Complaint against Luis R-B, Lydia Cortez, Alicia Reece, Dan H., Lasonje Hollinger, and Mears Transportation Talent Acquisition (collectively, Defendants). Plaintiff brings claims under Title VIII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and Florida law. Doc. 1. Plaintiff also filed an Application to Proceed in District Court without Prepaying Fees and Costs. Doc. 2 (the Motion). The undersigned construes the Motion as a request to proceed *in forma pauperis*.

**I.      Standard**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B) (i-iii).[1] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to rewrite the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted). There

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

**II.     Discussion**

The undersigned finds that Plaintiff is a pauper. However, the undersigned recommends that the Complaint is shotgun in nature and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). With respect to the "Statement of Claim" section on the form Complaint, Plaintiff indicates that Defendants discriminated against her based on her race, color, religion, age, and disability, and the alleged discriminatory conduct includes the failure to hire and promote, termination from employment, and retaliation. Doc. 1 at 4. Plaintiff claims, to her "best recollection," that the discrimination took place between June 2023 and September 2023. *Id*.

With respect to the "facts," Plaintiff provides one paragraph, wherein she claims that:

> The plaintiff was in the training program for Mears CDL driver. During her 5 weeks of training the plaintiff passed the DMV exam qualifying her to continue in the training skills maneuvers needed to obtain CDL, The trainers became very impatient statements were directed at the plaintiff age (59) the plaintiff was then dismissed and her test scores from the DMV were repeatedly used for other employees that the employer wanted to breach her data to hire undocumented illegal immigrants or citizens based on sex, age, & race preferences. plaintiff did inform supervisors'. The plaintiff was then subjected to harassment, intimidation, and inappropriate sexist comments "cherries aka virgins LBGTQ 11 race preferably red skin tone. The plaintiff was involved in a civil legal case Washington v Wang 623cv1627PGBRMN & Washington v Romero 624cv00470 PGB WWB. in which current employees obtained proceeds from the lawsuit while retaliation against the plaintiff as defendants in the case with their attorney Nancy Johnson.[2]

Doc. 1 at 5. Also, in the "Relief" section of the Complaint, Plaintiff includes the following paragraph:

> Plaintiff requests the court to order the defendants to STOP their personal attacks on the plaintiff character plaintiff is a heterosexual female not interested in engaging in gang membership. I AM CLAIMING that the proceeds of the defendants and family members named in the case including those of the Orlando Housing Authority and EEOC appointed by the Biden Administration and students of UCF? FAMU whom maybe employed as Roxane my doctor's office Gary Antione came from this case to help the defendant illegal escape unaware to the doctor. I am entitled to punitive damages because my medical data, character has been destroyed, via some are on illegal drugs and all the defendants want is to ignore and encourage identity theft to fund their criminal org. Plaintiff is requesting $500,000 in punitive damages to be able to start her own business, therefore the repeated actions to deny her employment would not be sufficed.

*Id*. at 6 (emphasis in original).

Beyond these paragraphs, Plaintiff does not provide additional allegations or explain how the allegations relate to the specific claims. For example, Plaintiff generally states that she was subjected to harassment, but it is not clear if the allegation relates to her age discrimination claim

---

[2] A review of CM/ECF reflects that the Court consolidated 6:23-cv-1627-PGB-RMN with 6:23-cv-1628-PGB-RMN and dismissed the case without prejudice. With respect to case No. 6:24-cv-470-WWB-LHP, Plaintiff brings employment discrimination claims, but the complaint appears to be against different defendants and based on a separate EEOC charge. *See* Case No. 6:24-cv-470-WWB-LHP at 1-1; Doc. 1 at 5

or if the harassment was based solely on her race, religion, color, or disability. And, other than the reference to Defendant Mears Transportation, Plaintiff does not identify the named Defendants in the two paragraphs, nor does Plaintiff specify which claims are asserted against which Defendants. Overall, Plaintiff's allegations are mostly vague and confusing, and it is not clear how each Defendant was involved in the discrimination or retaliation.

Also, with respect to the relief sought, the Court cannot ascertain who the "family members" are who are allegedly "named in the case"; how Defendants "encourage[d] identify theft"; or what Plaintiff means by "proceeds" and how these "proceeds" relate to a cause of action or relief. Also, the relevance of the "gang membership" to Plaintiff's causes of action is not clear.

Based on the foregoing, the undersigned recommends that Plaintiff does not comply with the Federal Rules of Civil Procedure's requirements on proper pleading. Even so, a *pro se* plaintiff, must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted).

The undersigned recommends that Plaintiff should be given leave to amend the Complaint.

### III.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. the Motion (Doc. 2) be **DENIED without prejudice**; and
2. the Complaint (Doc. 1) be **DISMISSED without prejudice** with leave to amend.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure

to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

   Recommended in Orlando, Florida on April 23, 2025.

                                         _____
                                         DANIEL C. IRICK
                                         UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy